Thomas V. Girardi, SBN 36603 (tgirardi@girardikeese.com)
Graham B. Lippsmith, SBN 221984 (glippsmith@girardikeese.com)
GIRARDI | KEESE
1126 Wilshire Boulevard
Los Angeles, CA 90017
(213) 977-0211; (213) 481-1554 FAX

Lorin E. Brennan (SBN 75915)(leb@lindelaw.net)
Douglas A. Linde (SBN 217584)(dal@lindelaw.net)
Erica L. Allen (SBN 217584)(ela@lindelaw.net)
THE LINDE LAW FIRM
9000 Sunset Blvd., Suite 1025
Los Angeles, CA 90069
Tel: (310) 203-9333; Fax: (310) 203-9233

Attorneys for Plaintiff RHYN NOLL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| RHYN NOLL, an individual,<br>Plaintiff,<br><br>v.<br><br>STREET SURFING, LLC, WAL-MART STORES, INC., TARGET CORPORATION, TSA STORES, INC., and DOES 1 through 10, inclusive.<br>Defendants. | Case No.  SACV08-00617 AHS (MLGx)<br><br>**COMPLAINT FOR:**<br>(i) **TRADEMARK INFRINGEMENT;**<br>(ii) **UNFAIR COMPETITION and FALSE DESIGNATION OF ORIGIN;**<br>(iii) **COMMON LAW TRADEMARK INFRINGEMENT; and**<br>(iv) **UNFAIR TRADE PRACTICES.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff RHYN NOLL ("NOLL") complains and alleges as follows:

## INTRODUCTION AND OVERVIEW

1. This is an action for trademark infringement and unfair competition based on confusingly similar marks used on the same and related goods. As shown by attachments to this complaint, Plaintiff is the owner of the trademark STREETSURFER which was registered in the United States Patent and Trademark Office ("USPTO") on February 20, 2001 for goods in Class 28 that include skateboards and skateboard accessories. Defendants with knowledge of Plaintiff's mark, have sold and continue to sell skateboards bearing the confusingly similar name "Street Surfing" in competition with Plaintiff both within the United States and by export from the United States to Europe, Asia and Africa. In this complaint, Plaintiff seeks to recover damages for the infringement of his rights, and to obtain a permanent injunction against further infringement.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) & 1338(b) as a matter arising under a federal statute regarding trademarks along with related claims of unfair competition.

3. The claims asserted in this Complaint arose in this judicial district and all Defendants do business in this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c) & 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

5. This is an action arising under the Lanham Act (15 U.S.C §§ 1501 *et seq.*) including pendant state law claims. In this action Plaintiff seeks damages, an accounting, an injunction, costs and attorneys' fees for trademark infringement (15 U.S.C. §§ 1114 & 1117) and unfair competition (15 U.S.C. § 1125), as well as damages and other relief based upon pendant claims related to the infringement and misappropriation of Plaintiff's intellectual property.

## PARTIES

6. Plaintiff RHYN NOLL (sometimes referred to as "NOLL") is a resident of California.

7. Defendant WAL-MART STORES, INC. (sometimes referred to as "WALMART") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas, that operates retail stores within this judicial district.

8. Defendant TARGET CORPORATION (sometimes referred to as "TARGET") is a corporation organized and existing under the laws of Minnesota with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota, that operates retail stores within this judicial district.

9. Defendant TSA STORES, INC. (sometimes referred to as "SPORTS AUTHORITY") is a corporation organized and existing under the laws of Delaware with its principal place of business at 1050 W. Hampden Ave., Englewood, Colorado, that operates retail stores within this judicial district.

10. Defendant STREET SURFING, LLC (sometimes referred to as "STREET SURFING") is a limited liability company organized and existing under the laws of Nevada with its principal place of business at 4299 MacArthur Blvd Ste 200, Newport Beach, California.

11. Plaintiff is informed and believes that Defendants DOES 1 through 10, inclusive, created, assembled, distributed, manufactured, or sold goods bearing Plaintiff's trademark or have otherwise contributed to the infringement of Plaintiff's rights in his trademark. The true names and capacities, whether corporate, individual or otherwise, of the Defendant DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will ask leave to amend this Complaint to show their true names and capacities when they have been ascertained.

12. In this complaint, unless otherwise noted, the term "Defendants" refers to WALMART, TARGET, SPORTS AUTHORITY, STREET SURFING, and DOES 1 through 10, and each of them, and the term "Defendant" refers to each of these Defendants individually. Plaintiff is informed and believes that at all relevant times, each Defendant was the agent, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego or employee of the remaining Defendants, acted within the scope of such agency and positions, and actively participated in, ratified or adopted all of the conduct alleged in this complaint, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each of the violations of Plaintiff's rights and resulting damages to Plaintiff.

## GENERAL ALLEGATIONS

13. Plaintiff is a skateboard manufacturer who, since at least 1994, has manufactured and sold skateboards, and skateboard accessories, including riser pads, wheels and clothing, under the trademark STREETSURFER.

14. In 2000, Plaintiff applied to the United States Patent and Trademark Office ("USPTO") for a federal registration of his STREETSURFER trademark. On February 20, 2001, the USPTO registered Plaintiff's STREETSURFER mark on the Principal Register under Registration No. 2430013 in Class 28 for goods described as "Skateboards and skateboard accessories, namely, riser pads."

15. Defendant STREET SURFING, along with Defendants Does 1 through 10, manufacture, advertise and sell a wheeled skateboard-like device bearing the word mark "Street Surfing."

16. Defendants WALMART, TARGET and SPORTS AUTHORITY, along with Defendants Does 1 through 10, advertise and sell at retail outlets to the public a wheeled skateboard-like device bearing the word "Street Surfing" which Plaintiff is informed and believe they acquired from the other Defendants.

17. Plaintiff's STREETSURFER mark is well-known as designating

Plaintiff's goods and is a valuable asset of Plaintiff.

18.  Defendants' manufacture, advertising and sale of a product bearing the "Street Surfing" name is confusingly similar to Plaintiff's STREETSURFER mark and is likely to cause and have caused confusion, mistake, or deception.

19.  On information and belief Plaintiffs allege that since at least on or about January of 2005, or such other date as may be later determined, Defendants, and each of them, have been offering for sale, selling, distributing or advertising wheeled skateboard devices in the United States using the "Street Surfing" name including on the skateboards and in advertising for such skateboards.

20.  In addition, on information and belief Plaintiffs allege that since at least on or about January of 2005, or such other date as may be later determined, Defendants have been offering for sale, selling, distributing, advertising or exporting from the United States to other countries, including those in Europe, Asia and Africa, boards using the "Street Surfing" and in advertising for such boards.

21.  Plaintiff has requested that Defendant STREET SURFING cease and desist from the sale of products using the "Street Surfing" name. To date, Defendant STREET SURFING has ignored Plaintiff's demand to cease and desist, and continues to sell products in willful violation of Plaintiff's federally registered mark.

## FIRST CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

(By Plaintiff Against All Defendants)

22.  Plaintiffs incorporate by reference all allegations in this Complaint as if fully set forth herein.

23.  Defendants' "Street Surfing" logo is a reproduction, copy, or colorable imitation of Plaintiff's registered STREETSURFER trademark.

24.  Defendants have been selling, offering for sale, distributing, or advertising skateboards and related products using the "Street Surfing" logo in

commerce within the United States in a manner which is likely to cause confusion, mistake, or to deceive.

25. Defendants have been selling, offering for sale, distributing, advertising or exporting skateboards and related products using the "Street Surfing" logo from the United States to other countries including those in Europe, Asia and Africa and by so doing have engaged in acts of American foreign commerce in a manner which is likely to cause confusion, mistake, or to deceive, which is sufficiently great to cause a direct and cognizable injury to Plaintiff, and which establishes sufficiently strong links to American commerce in relation to such other countries to justify action by this court to remedy such infringing conduct.

26. Defendants have been applying the "Street Surfing" logo, to skateboards and related products and in advertisements intended to be used in commerce within the United States in connection with the sale, offering for sale, distribution, or advertising of their infringing products in a manner which use is likely to cause confusion, mistake, or to deceive.

27. Defendants, by applying their "Street Surfing" logo, to skateboards and advertisements used in international commerce including countries in Europe, Asia and Africa, have engaged in acts of American foreign commerce in a manner which is likely to cause confusion, mistake, or to deceive, which is sufficiently great to cause a direct and cognizable injury to Plaintiff, and which establishes sufficiently strong links to American commerce in relation to such other countries to justify action by this court to remedy such infringing conduct.

28. As a result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damage to his business, including diversion of trade, loss of income and profits, and a dilution of the value of his rights in an amount to be proven at trial.

29. Defendants have profited from their conduct, and Plaintiff seeks a full accounting from Defendants of all infringing skateboards and related products manufactured or sold by them or under their authority using the "Street Surfing" logo,

along with recovery of all of their profits from so doing or from otherwise engaging in the infringing conduct alleged above.

30. Plaintiff has suffered and will suffer irreparable injury due to the infringing conduct of Defendants unless Defendants are permanently enjoined from continuing such conduct, including in particular: (i) from the sale, offering for sale, distribution or advertising of their infringing skateboards and related products in commerce within the United States; (ii) from the sale, offering for sale, distribution, advertising or export of their infringing skateboards and related products to other countries including those in Europe, Asia and Africa; and (iii) from the sale, offering for sale, distribution, advertising or export of their infringing skateboards and related products on their web site.

31. Plaintiff also seeks recovery of all of his costs and attorneys fees in this case in an amount to be proven at the conclusion of this case, including expert witness fees.

## SECOND CLAIM FOR RELIEF
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125)

(By Plaintiff Against All Defendants)

32. Plaintiff incorporates by reference all allegations in this Complaint as if fully set forth herein.

33. Defendants' conduct with respect to the use of the "Street Surfing" logo on skateboards and related products, as alleged, constitutes a use in commerce within the United States of a symbol or false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' products or commercial activities by Plaintiff.

34. Defendants' conduct with respect to the use of their infringing skateboards and related products in international commerce including in Europe, Asia

and Africa, as alleged, constitutes a use in American foreign commerce of a symbol or false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or as to the origin, sponsorship, or approval of Defendants' products or commercial activities by Plaintiff, which is sufficiently great to cause a direct and cognizable injury to Plaintiff, and which establishes sufficiently strong links to American commerce in relation to such other countries to justify action by this court to remedy such infringing conduct.

35. As a result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damage to his business including diversion of trade, loss of income and profits, and a dilution of the value of their rights in an amount to be proven at trial.

36. Defendants have profited from their conduct, and Plaintiff seeks a full accounting and recovery from Defendants of all profits arising from their conduct.

37. Plaintiff has suffered and will suffer irreparable injury due to the infringing conduct of Defendants unless Defendants are permanently enjoined from continuing such conduct, including in particular: (i) from the sale, offering for sale, distribution or advertising of their infringing skateboards and related products in commerce within the United States; (ii) from the sale, offering for sale, distribution, advertising or export of their infringing skateboards and related products to other countries including those in Europe, Asia and Africa; and (iii) from the sale, offering for sale, distribution, advertising or export of their infringing skateboards and related products on their web site.

38. Plaintiff also seeks recovery of all of his costs and attorneys fees in this case in an amount to be proven at the conclusion of this case, including expert witness fees.

### THIRD CLAIM FOR RELIEF
### COMMON LAW TRADEMARK INFRINGEMENT

## (Cal. Bus. & Prof. Code § 14259)

(By Plaintiff Against All Defendants)

39. Plaintiff incorporates by reference all allegations in this Complaint as if fully set forth herein.

40. Defendants' "Street Surfing" logo is a reproduction, copy, or colorable imitation of Plaintiff's STREETSURFER trademark.

41. Defendants have been using their "Street Surfing" logo in connection with the sale, offering for sale, distribution, or advertising of their infringing products in California in a manner which is likely to cause confusion, to cause mistake, or to deceive.

42. Defendants have been applying their "Street Surfing" logo on skateboards and related products and in advertisements intended to be used in connection with the sale, offering for sale, distribution, or advertising of their infringing products in California in a manner which is likely to cause confusion, mistake, or to deceive.

43. As a result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damage to his business including diversion of trade, loss of income and profits, and a dilution of the value of his rights in an amount to be proven at trial

44. Defendants have profited from their conduct, and Plaintiff seeks a full accounting from Defendants of all infringing products manufactured or sold by them or under their authority using the "Street Surfing" logo, along with recovery of all of their profits from so doing or from otherwise engaging in the infringing conduct alleged above.

45. Plaintiff has suffered and will suffer irreparable injury due to the infringing conduct of Defendants unless Defendants are permanently enjoined from continuing such conduct including in particular: (i) from the sale, offering for sale, distribution or advertising of their infringing skateboard devices and related products in commerce within California; and (ii) from the sale, offering for sale, distribution, or

advertising of their infringing skateboards and related products on their web site in California.

46. Plaintiff also seeks recovery of all of his costs and attorney's fees in this case in an amount to be proven at the conclusion of this case, including expert witness fees.

## FOURTH CLAIM FOR RELIEF
## CALIFORNIA UNFAIR TRADE PRACTICES
### (Cal. Bus. & Prof. Code §§ 17000 et seq.)

(By Plaintiff Against All Defendants)

47. Plaintiff incorporates by reference all allegations in this Complaint as if fully set forth herein.

48. Defendants' conduct in using "Street Surfing" logo in connection with the manufacture, distribution, offering for sale or sale of skateboards and related products constitutes an unlawful, unfair, or fraudulent business act or practice, and their conduct in using their "Street Surfing" logo, in connection with the advertising of skateboards and related products constitutes unfair, deceptive, untrue, or misleading advertising.

49. Defendants' conduct in using their "Street Surfing" logo, in connection with the manufacture, distribution, offering for sale, sale or advertising of their infringing skateboards and related products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' products or commercial activities by Plaintiff.

50. Plaintiff reasonably believes that Defendants' conduct as alleged above is ongoing and will continue to be a threat to Plaintiff unless Defendants are restrained and enjoined from continuing to engage in such conduct.

51. As a result of Defendants' conduct, Plaintiff has suffered injury in fact and will continue to suffer injury including diversion of trade, loss of income and

profits, and a dilution of the value of his rights in an amount to be proven at trial.

52. Defendants have profited from their conduct, and Plaintiff seeks a full accounting from Defendants of all profits arising from their conduct and restitution or disgorgement of all such profits.

53. Plaintiff also seeks recovery of all of his costs in this case in an amount to be proven at the conclusion of this case, including expert witness fees.

54. Defendants' conduct in this case also entitles Plaintiff to recover his attorneys' fees in an amount to be proven at the conclusion of this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, on each on every Claim for Relief as follows:

<u>On Plaintiff's First Claim for Relief</u>:

1. That Plaintiff be awarded damages as allowed by law due to such trademark infringement, in an amount to be proven at trial;

2. That Plaintiff be awarded all profits of Defendants due to such trademark infringement, in an amount to be proven at trial;

3. That Plaintiff be awarded treble damages or profits due to such trademark infringement, as allowed by law and as the court deems fair and just; and

4. That Defendants, and each of them, and their respective agents and employees, and those acting in concert with them, be enjoined from further infringing Plaintiff's trademark including within the United States and by export of infringing products to other countries including Europe, Asia and Africa, and through their web page.

<u>On Plaintiffs' Second Claim for Relief</u>:

1. That Plaintiff be awarded damages as allowed by law due to such unfair competition, in an amount to be proven at trial;

2. That Plaintiff be awarded all profits of Defendants due to such unfair competition, in an amount to be proven at the time of trial;

3. That Plaintiff be awarded treble damages or profits due to such unfair competition, as allowed by law and as the court deems fair and just; and

4. That Defendants, and each of them, and their respective agents and employees, and those acting in concert with them, be enjoined from engaging in further acts of unfair competition including within the United States, by export of infringing products to other countries including Europe, Asia and Africa, and through their web page.

On Plaintiffs' Third Claim for Relief:

1. That Plaintiff be awarded damages as allowed by law due to such trademark infringement, in an amount to be proven at trial;

2. That Plaintiff be awarded all profits of Defendants due to such trademark infringement, in an amount to be proven at trial;

3. That Plaintiff be awarded any additional recovery due to such trademark infringement as may be allowed by law and as the court deems fair and just; and

4. That Defendants, and each of them, and their respective agents and employees, and those acting in concert with them, be enjoined from further infringing Plaintiff's trademark.

On Plaintiff's Fourth Claim for Relief:

1. That Defendants be ordered to disgorge and Plaintiffs be granted restitution of all profits derived by Defendants due to their unfair competition, in an amount to be proven at trial; and

2. That Defendants, and each of them, and their respective agents and employees, and those acting in concert with them, be enjoined from engaging in such acts of unfair competition.

On All Claims for Relief:

In addition, an all claims for relief:

1. That Plaintiff be awarded his attorneys' fees as available under the Lanham Act, the California Unfair Practices Act, or otherwise by law;

2. That Plaintiff be awarded pre-judgment interest as allowed by law;

3. That Plaintiff be awarded his costs of this action, including expert witness fees; and

4. That Plaintiff be awarded such further legal and equitable relief as this Court deems proper.

Dated: June 3, 2008

GIRARDI | KEESE
THE LINDE LAW FIRM

By: /s/
Thomas V. Girardi
Graham B. Lippsmith
Lorin E. Brennan
Douglas A. Linde
Erica L. Allen
Attorneys for Plaintiff RHYN NOLL

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action pursuant to F.R.C.P. 38 and the Seventh Amendment of the United States Constitution.

Dated: June 3, 2008

GIRARDI | KEESE
THE LINDE LAW FIRM

By: _____
Thomas V. Girardi
Graham B. Lippsmith
Lorin E. Brennan
Douglas A. Linde
Erica L. Allen
Attorneys for Plaintiff RHYN NOLL

Lorin E. Brennan, SBN 75915
Douglas A. Linde, SBN 217584
THE LINDE LAW FIRM
9000 Sunset Blvd., Ste. 1025
Los Angeles, CA 90069
(310) 203-9333 telephone

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHYN NOLL, an individual<br><br>PLAINTIFF(S)<br>v.<br>STREET SURFING, LLC, WAL-MART STORES, INC., TARGET CORPORATION, TSA STORES, INC., and DOES 1 through 10, inclusive.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>SACV08-00617 AHS (MLGx)<br><br>SUMMONS |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Douglas A. Linde_____, whose address is _9000 Sunset Blvd., Ste. 1025, Los Angeles, CA 90069_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JUN - 3 2008

By: **ROLLS ROYCE PASCHAL**
    Deputy Clerk

    1144

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                          SUMMONS

Lorin E. Brennan, SBN 75915
Douglas A. Linde, SBN 217584
THE LINDE LAW FIRM
9000 Sunset Blvd., Ste. 1025
Los Angeles, CA 90069
(310) 203-9333 telephone

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHYN NOLL, an individual<br><br>PLAINTIFF(S)<br><br>v.<br><br>STREET SURFING, LLC, WAL-MART STORES, INC., TARGET CORPORATION, TSA STORES, INC., and DOES 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV08-00617 AHS (MLGx)**<br><br>**SUMMONS** |

TO:    DEFENDANT(S): _____

   A lawsuit has been filed against you.

   Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Douglas A. Linde_____, whose address is __9000 Sunset Blvd., Ste. 1025, Los Angeles, CA 90069_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JUN - 3 2008__

By: _____
       Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                        SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
RHYN NOLL, an individual

**DEFENDANTS**
STREET SURFING, LLC, WAL-MART STORES, INC., TARGET CORPORATION, TSA STORES, INC., and DOES 1 through 10, inclusive.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Lorin E. Brennan and Douglas A. Linde
THE LINDE LAW FIRM
9000 Sunset Blvd., Ste. 1025, Los Angeles, CA 90069, (310) 203-9333

**Attorneys (If Known)**

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|   | PTF | DEF |   | PTF | DEF |
|---|-----|-----|---|-----|-----|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No      ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Defendant violated 15 U.S.C. 1501, et seq., 15 U.S.C. 1114 & 1117 and 15 U.S.C. 1125 through sale of boards bearing a name confusingly similar to Plaintiff's mark.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

---

**FOR OFFICE USE ONLY:**  Case Number: **SACV08-00617 AHS (MLGx)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                                    CIVIL COVER SHEET                                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Street Surfing LLC,- Orange County | Wal-Mart Stores, Inc.-Arkansas<br>Target Corporation- Minnesota<br>TSA Stores, Inc.- Colorado |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County California | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date June 3, 2008

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                                     CIVIL COVER SHEET                                    Page 2 of 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Alicemarie H. Stotler and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

### SACV08- 617 AHS (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---