Thomas V. Girardi, SBN 36603 (tgirardi@girardikeese.com)
Graham B. Lippsmith, SBN 221984 (glippsmith@girardikeese.com)
GIRARDI | KEESE
1126 Wilshire Boulevard
Los Angeles, CA 90017
(213) 977-0211; (213) 481-1554 FAX

Lorin E. Brennan (SBN 75915)(leb@lindelaw.net)
Douglas A. Linde (SBN 217584)(dal@lindelaw.net)
Erica L. Allen (SBN 217584)(ela@lindelaw.net)
THE LINDE LAW FIRM
9000 Sunset Blvd., Suite 1025
Los Angeles, CA 90069
Tel: (310) 203-9333; Fax: (310) 203-9233

Attorneys for Plaintiff RHYN NOLL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| RHYN NOLL, an individual,<br>　　　　　Plaintiff,<br><br>v.<br><br>STREET SURFING, LLC; WAL-MART STORES, INC.; TARGET CORPORATION; TSA STORES, INC.; ACADEMY SPORTS & OUTDOORS; BENNY'S, INC.; BIG 5 SPORTING GOODS CORPORATION; CHICK'S SPORTING GOODS, INC.; DICK'S SPORTING GOODS, INC.; DUNHAM'S ATHLEISURE CORPORATION; F.A.O. SCHWARZ, INC.; G.I. JOE'S, INC.; JOE'S SPORTS OUTDOOR & MORE; | ) Case No. SACV 08-617 AG (MLGx)<br>) Honorable Andrew J. Guilford<br>) Complaint filed: June 3, 2008<br>)<br>) [~~PROPOSED~~] **SECOND AMENDED**<br>) **COMPLAINT FOR:**<br>) **(i) TRADEMARK INFRINGEMENT;**<br>) **(ii) UNFAIR COMPETITION and**<br>) **FALSE DESIGNATION OF ORIGIN;**<br>) **(iii) COMMON LAW TRADEMARK**<br>) **INFRINGEMENT; and**<br>) **(iv) UNFAIR TRADE PRACTICES.**<br>)<br>) **DEMAND FOR JURY TRIAL**<br>) |

| | |
|---|---|
| MICHIGAN SPORTING GOODS DISTRIBUTORS, INC. d/b/a MC SPORTS; MODELLS SPORTING GOODS, INC.; RIP CURL, INC.; RON JON SURF SHOP OF FLA, INC.; SHEEL'S ALL SPORTS, INC.; SPORT CHALET, INC.; WINMARK CORPORATION d/b/a PLAY IT AGAIN SPORTS; and DOES 1 through 10, inclusive.<br>　　　　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff RHYN NOLL ("NOLL") complains and alleges as follows:

## INTRODUCTION AND OVERVIEW

1.　This is an action for trademark infringement and unfair competition based on confusingly similar marks used on the same and related goods. As shown by attachments to this complaint, Plaintiff is the owner of the trademark STREETSURFER which was registered in the United States Patent and Trademark Office ("USPTO") on February 20, 2001 for goods in Class 28 that include skateboards and skateboard accessories. Defendants with knowledge of Plaintiff's mark, have sold and continue to sell skateboards bearing the confusingly similar name "Street Surfing" in competition with Plaintiff both within the United States and by export from the United States to Europe, Asia and Africa. In this complaint, Plaintiff seeks to recover damages for the infringement of his rights, and to obtain a permanent injunction against further infringement.

## JURISDICTION AND VENUE

2.　This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) & 1338(b) as a matter arising under a federal statute regarding trademarks

along with related claims of unfair competition.

3. The claims asserted in this Complaint arose in this judicial district and all Defendants do business in this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c) & 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

5. This is an action arising under the Lanham Act (15 U.S.C §§ 1501 *et seq.*) including pendant state law claims. In this action Plaintiff seeks damages, an accounting, an injunction, costs and attorneys' fees for trademark infringement (15 U.S.C. §§ 1114 & 1117) and unfair competition (15 U.S.C. § 1125), as well as damages and other relief based upon pendant claims related to the infringement and misappropriation of Plaintiff's intellectual property.

## PARTIES

6. Plaintiff RHYN NOLL (sometimes referred to as "NOLL") is a resident of California.

7. Defendant WAL-MART STORES, INC. (sometimes referred to as "WALMART") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas, that operates retail stores within this judicial district.

8. Defendant TARGET CORPORATION (sometimes referred to as "TARGET") is a corporation organized and existing under the laws of Minnesota with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota, that operates retail stores within this judicial district.

9. Defendant TSA STORES, INC. (sometimes referred to as "SPORTS AUTHORITY") is a corporation organized and existing under the laws of Delaware with its principal place of business at 1050 W. Hampden Ave., Englewood, Colorado, that operates retail stores within this judicial district.

10. Defendant ACADEMY SPORTS & OUTDOORS is a corporation organized and existing under the laws of Texas with its principal place of business at 1800 N. Mason Road, Katy, TX 77449, that purchased infringing merchandise from this judicial district.

11. Defendant BENNY'S, INC. is a corporation organized and existing under the laws of Rhode Island with its principal place of business at 340 Waterman Avenue, Esmond, RI 02917, that purchased infringing merchandise from this judicial district.

12. Defendant BIG 5 SPORTING GOODS CORPORATION is a corporation organized and existing under the laws of Delaware with its principal place of business at 2525 E. El Segundo Blvd., El Segundo, CA 90245, that purchased infringing merchandise from this judicial district.

13. Defendant CHICK'S SPORTING GOODS, INC. is a corporation organized and existing under the laws of California with its principal place of business in Pennsylvania at 300 Industry Road, Pittsburgh, PA 15275, that purchased infringing merchandise from this judicial district.

14. Defendant DICK'S SPORTING GOODS, INC. is a corporation organized and existing under the laws of Delaware with its principal place of business in Pennsylvania at 300 Industry Road, Pittsburgh, PA 15275, that purchased infringing merchandise from this judicial district.

15. Defendant DUNHAM'S ATHLEISURE CORPORATION is a corporation organized and existing under the laws of Delaware with its principal place of business in Michigan at 5000 Dixie Highway, Waterford, MI 48329, that purchased infringing merchandise from this judicial district.

16. Defendant F.A.O SCHWARZ, INC. is a corporation organized and existing under the laws of Delaware with its principal place of business in New York at 875 Avenue of the Americas, 20th Floor, New York, NY 10001, that purchased infringing merchandise from this judicial district.

17. Defendant G.I. JOES, INC. is a corporation organized and existing under the laws of Oregon with its principal place of business at 9805 S.W. Boeckman Road, Wilsonville, OR 97070, that purchased infringing merchandise from this judicial district.

18. Defendant JOE'S SPORTS, OUTDOOR & MORE is a corporation organized and existing under the laws of Oregon with its principal place of business at 9805 S.W. Boeckman Road, Wilsonville, OR 97070, that purchased infringing merchandise from this judicial district.

19. Defendant MICHIGAN SPORTING GOODS DISTRIBUTORS, INC. d/b/a MC SPORTS is a corporation organized and existing under the laws of Michigan with its principal place of business at 3070 Shaffer S.E., Grand Rapids, MI 49512, that purchased infringing merchandise from this judicial district.

20. Defendant MODELL'S SPORTING GOODS is a corporation organized and existing under the laws of Delaware with its principal place of business in New York at 498 Seventh Avenue, 20th Floor, New York, NY 10018, that purchased infringing merchandise from this judicial district.

21  Defendant RIP CURL, INC. is a corporation organized and existing under the laws of California with its principal place of business at 3030 Airway Avenue, Costa Mesa, CA 92626, that purchased infringing merchandise from this judicial district.

22. Defendant RON JON SURF SHOP OF FLA, INC. is a corporation organized and existing under the laws of Florida with its principal place of business at 4151 N. Atlantic Avenue, Cocoa Beach, FL 32931, that purchased infringing merchandise from this judicial district.

23. Defendant SCHEEL'S ALL SPORTS, INC. is a corporation organized and existing under the laws of North Dakota with its principal place of business at 4550 15th Avenue, Fargo, ND 58103, that purchased infringing merchandise from this judicial district.

24. Defendant SPORT CHALET, INC. is a corporation organized and existing under the laws of Delaware with its principal place of business in California at One Sport Chalet Drive, La Canada, CA 91011 that purchased infringing merchandise from this judicial district.

25. Defendant WINMARK CORPORATION d/b/a PLAY IT AGAIN SPORTS is a corporation organized and existing under the laws of Minnesota with its principal place of business at 4200 Dahlberg Drive, Minneapolis, MN 55422, that purchased infringing merchandise from this judicial district.

26. Defendant STREET SURFING, LLC (sometimes referred to as "STREET SURFING") is a limited liability company organized and existing under the laws of Nevada with its principal place of business at 4299 MacArthur Blvd Ste 200, Newport Beach, California.

27. Plaintiff is informed and believes that Defendants DOES 1 through 10, inclusive, created, assembled, distributed, manufactured, or sold goods bearing Plaintiff's trademark or have otherwise contributed to the infringement of Plaintiff's rights in his trademark. The true names and capacities, whether corporate, individual or otherwise, of the Defendant DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will ask leave to amend this Complaint to show their true names and capacities when they have been ascertained.

28. In this complaint, unless otherwise noted, the term "Defendants" refers to WALMART; TARGET; SPORTS AUTHORITY; ACADEMY SPORTS & OUTDOORS; BENNY'S, INC.; BIG 5 SPORTING GOODS CORPORATION; CHICK'S SPORTING GOODS, INC.; DICK'S SPORTING GOODS, INC.; DUNHAM'S ATHLEISURE CORPORATION; F.A.O. SCHWARZ, INC.; G.I. JOE'S, INC.; JOE'S SPORTS OUTDOOR & MORE; MICHIGAN SPORTING GOODS DISTRIBUTORS, INC. d/b/a MC SPORTS; MODELLS SPORTING GOODS, INC.; RIP CURL, INC.; RON JON SURF SHOP OF FLA, INC.; SHEEL'S

ALL SPORTS, INC.; SPORT CHALET, INC.; WINMARK CORPORATION d/b/a PLAY IT AGAIN SPORTS; STREET SURFING, and DOES 1 through 10, and each of them, and the term "Defendant" refers to each of these Defendants individually. Plaintiff is informed and believes that at all relevant times, each Defendant was the agent, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego or employee of the remaining Defendants, acted within the scope of such agency and positions, and actively participated in, ratified or adopted all of the conduct alleged in this complaint, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each of the violations of Plaintiff's rights and resulting damages to Plaintiff.

## GENERAL ALLEGATIONS

29. Plaintiff is a skateboard manufacturer who, since at least 1994, has manufactured and sold skateboards, and skateboard accessories, including riser pads, wheels and clothing, under the trademark STREETSURFER.

30. In 2000, Plaintiff applied to the United States Patent and Trademark Office ("USPTO") for a federal registration of his STREETSURFER trademark. On February 20, 2001, the USPTO registered Plaintiff's STREETSURFER mark on the Principal Register under Registration No. 2430013 in Class 28 for goods described as "Skateboards and skateboard accessories, namely, riser pads."

31. Defendant STREET SURFING, along with Defendants Does 1 through 10, manufacture, advertise and sell a wheeled skateboard-like device bearing the word mark "Street Surfing."

32. Defendants WALMART; TARGET; SPORTS AUTHORITY; ACADEMY SPORTS & OUTDOORS BENNY'S, INC.; BIG 5 SPORTING GOODS CORPORATION; CHICK'S SPORTING GOODS, INC.; DICK'S SPORTING GOODS, INC.; DUNHAM'S ATHLEISURE CORPORATION; F.A.O. SCHWARZ, INC.; G.I. JOE'S, INC.; JOE'S SPORTS OUTDOOR & MORE; MICHIGAN

SPORTING GOODS DISTRIBUTORS, INC. d/b/a MC SPORTS; MODELLS SPORTING GOODS, INC.; RIP CURL, INC.; RON JON SURF SHOP OF FLA, INC.; SHEEL'S ALL SPORTS, INC.; SPORT CHALET, INC.; WINMARK CORPORATION d/b/a PLAY IT AGAIN SPORTS; along with Defendants Does 1 through 10, advertise and sell at retail outlets to the public a wheeled skateboard-like device bearing the word "Street Surfing" which Plaintiff is informed and believe they acquired from the other Defendants.

33.  Plaintiff's STREETSURFER mark is well-known as designating Plaintiff's goods and is a valuable asset of Plaintiff.

34.  Defendants' manufacture, advertising and sale of a product bearing the "Street Surfing" name is confusingly similar to Plaintiff's STREETSURFER mark and is likely to cause and have caused confusion, including reverse confusion, mistake, or deception.

35.  On information and belief Plaintiffs allege that since at least on or about January of 2005, or such other date as may be later determined, Defendants, and each of them, have been offering for sale, selling, distributing or advertising wheeled skateboard devices in the United States using the "Street Surfing" name including on the skateboards and in advertising for such skateboards.

36.  In addition, on information and belief Plaintiffs allege that since at least on or about January of 2005, or such other date as may be later determined, Defendants have been offering for sale, selling, distributing, advertising or exporting from the United States to other countries, including those in Europe, Asia and Africa, boards using the "Street Surfing" and in advertising for such boards.

37.  Plaintiff has requested that Defendant STREET SURFING cease and desist from the sale of products using the "Street Surfing" name. To date, Defendant STREET SURFING has ignored Plaintiff's demand to cease and desist, and continues to sell products in willful violation of Plaintiff's federally registered mark.

# FIRST CLAIM FOR RELIEF
# FEDERAL TRADEMARK INFRINGEMENT
# (15 U.S.C. § 1114)

(By Plaintiff Against All Defendants)

38.  Plaintiffs incorporate by reference all allegations in this Complaint as if fully set forth herein. Defendants' "Street Surfing" logo is a reproduction, copy, or colorable imitation of Plaintiff's registered STREETSURFER trademark.

39.  Defendants have been selling, offering for sale, distributing, or advertising skateboards and related products using the "Street Surfing" logo in commerce within the United States in a manner which is likely to cause confusion, including reverse confusion, mistake, or to deceive.

40.  Defendants have been selling, offering for sale, distributing, advertising or exporting skateboards and related products using the "Street Surfing" logo from the United States to other countries including those in Europe, Asia and Africa and by so doing have engaged in acts of American foreign commerce in a manner which is likely to cause confusion, including reverse confusion, mistake, or to deceive, which is sufficiently great to cause a direct and cognizable injury to Plaintiff, and which establishes sufficiently strong links to American commerce in relation to such other countries to justify action by this court to remedy such infringing conduct.

41.  Defendants have been applying the "Street Surfing" logo, to skateboards and related products and in advertisements intended to be used in commerce within the United States in connection with the sale, offering for sale, distribution, or advertising of their infringing products in a manner which use is likely to cause confusion, including reverse confusion, mistake, or to deceive.

42.  Defendants, by applying their "Street Surfing" logo, to skateboards and advertisements used in international commerce including countries in Europe, Asia and Africa, have engaged in acts of American foreign commerce in a manner which is likely to cause confusion, including reverse confusion, mistake, or to deceive, which is

sufficiently great to cause a direct and cognizable injury to Plaintiff, and which establishes sufficiently strong links to American commerce in relation to such other countries to justify action by this court to remedy such infringing conduct.

43. As a result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damage to his business, including diversion of trade, loss of income and profits, and a dilution of the value of his rights in an amount to be proven at trial.

44. Defendants have profited from their conduct, and Plaintiff seeks a full accounting from Defendants of all infringing skateboards and related products manufactured or sold by them or under their authority using the "Street Surfing" logo, along with recovery of all of their profits from so doing or from otherwise engaging in the infringing conduct alleged above.

45. Plaintiff has suffered and will suffer irreparable injury due to the infringing conduct of Defendants unless Defendants are permanently enjoined from continuing such conduct, including in particular: (i) from the sale, offering for sale, distribution or advertising of their infringing skateboards and related products in commerce within the United States; (ii) from the sale, offering for sale, distribution, advertising or export of their infringing skateboards and related products to other countries including those in Europe, Asia and Africa; and (iii) from the sale, offering for sale, distribution, advertising or export of their infringing skateboards and related products on their web site.

46. Plaintiff also seeks recovery of all of his costs and attorneys fees in this case in an amount to be proven at the conclusion of this case, including expert witness fees.

## SECOND CLAIM FOR RELIEF
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125)

(By Plaintiff Against All Defendants)

47. Plaintiff incorporates by reference all allegations in this Complaint as if fully set forth herein.

48. Defendants' conduct with respect to the use of the "Street Surfing" logo on skateboards and related products, as alleged, constitutes a use in commerce within the United States of a symbol or false designation of origin which is likely to cause confusion, including reverse confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' products or commercial activities by Plaintiff.

49. Defendants' conduct with respect to the use of their infringing skateboards and related products in international commerce including in Europe, Asia and Africa, as alleged, constitutes a use in American foreign commerce of a symbol or false designation of origin which is likely to cause confusion, including reverse confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff or as to the origin, sponsorship, or approval of Defendants' products or commercial activities by Plaintiff, which is sufficiently great to cause a direct and cognizable injury to Plaintiff, and which establishes sufficiently strong links to American commerce in relation to such other countries to justify action by this court to remedy such infringing conduct.

50. As a result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damage to his business including diversion of trade, loss of income and profits, and a dilution of the value of their rights in an amount to be proven at trial.

51. Defendants have profited from their conduct, and Plaintiff seeks a full accounting and recovery from Defendants of all profits arising from their conduct.

52. Plaintiff has suffered and will suffer irreparable injury due to the infringing conduct of Defendants unless Defendants are permanently enjoined from continuing such conduct, including in particular: (i) from the sale, offering for sale, distribution or advertising of their infringing skateboards and related products in commerce within the United States; (ii) from the sale, offering for sale, distribution, advertising or export of their infringing skateboards and related products to other countries including those in Europe, Asia and Africa; and (iii) from the sale, offering for sale, distribution, advertising or export of their infringing skateboards and related products on their web site.

53. Plaintiff also seeks recovery of all of his costs and attorneys fees in this case in an amount to be proven at the conclusion of this case, including expert witness fees.

## THIRD CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT
## (Cal. Bus. & Prof. Code § 14259)

(By Plaintiff Against All Defendants)

54. Plaintiff incorporates by reference all allegations in this Complaint as if fully set forth herein.

55. Defendants' "Street Surfing" logo is a reproduction, copy, or colorable imitation of Plaintiff's STREETSURFER trademark.

56. Defendants have been using their "Street Surfing" logo in connection with the sale, offering for sale, distribution, or advertising of their infringing products in California in a manner which is likely to cause confusion, including reverse confusion, to cause mistake, or to deceive.

57. Defendants have been applying their "Street Surfing" logo on skateboards and related products and in advertisements intended to be used in connection with the sale, offering for sale, distribution, or advertising of their infringing products in California in a manner which is likely to cause confusion,

including reverse confusion, mistake, or to deceive.

58. As a result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damage to his business including diversion of trade, loss of income and profits, and a dilution of the value of his rights in an amount to be proven at trial

59. Defendants have profited from their conduct, and Plaintiff seeks a full accounting from Defendants of all infringing products manufactured or sold by them or under their authority using the "Street Surfing" logo, along with recovery of all of their profits from so doing or from otherwise engaging in the infringing conduct alleged above.

60. Plaintiff has suffered and will suffer irreparable injury due to the infringing conduct of Defendants unless Defendants are permanently enjoined from continuing such conduct including in particular: (i) from the sale, offering for sale, distribution or advertising of their infringing skateboard devices and related products in commerce within California; and (ii) from the sale, offering for sale, distribution, or advertising of their infringing skateboards and related products on their web site in California.

61. Plaintiff also seeks recovery of all of his costs and attorney's fees in this case in an amount to be proven at the conclusion of this case, including expert witness fees.

# FOURTH CLAIM FOR RELIEF
# CALIFORNIA UNFAIR TRADE PRACTICES
### (Cal. Bus. & Prof. Code §§ 17000 *et seq.*)
(By Plaintiff Against All Defendants)

62. Plaintiff incorporates by reference all allegations in this Complaint as if fully set forth herein.

63. Defendants' conduct in using "Street Surfing" logo in connection with the manufacture, distribution, offering for sale or sale of skateboards and related products constitutes an unlawful, unfair, or fraudulent business act or practice, and their conduct in using their "Street Surfing" logo, in connection with the advertising of skateboards and related products constitutes unfair, deceptive, untrue, or misleading advertising.

64. Defendants' conduct in using their "Street Surfing" logo, in connection with the manufacture, distribution, offering for sale, sale or advertising of their infringing skateboards and related products is likely to cause confusion, including reverse confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' products or commercial activities by Plaintiff.

65. Plaintiff reasonably believes that Defendants' conduct as alleged above is ongoing and will continue to be a threat to Plaintiff unless Defendants are restrained and enjoined from continuing to engage in such conduct.

66. As a result of Defendants' conduct, Plaintiff has suffered injury in fact and will continue to suffer injury including diversion of trade, loss of income and profits, and a dilution of the value of his rights in an amount to be proven at trial.

67. Defendants have profited from their conduct, and Plaintiff seeks a full accounting from Defendants of all profits arising from their conduct and restitution or disgorgement of all such profits.

68. Plaintiff also seeks recovery of all of his costs in this case in an amount to be proven at the conclusion of this case, including expert witness fees.

69. Defendants' conduct in this case also entitles Plaintiff to recover his attorneys' fees in an amount to be proven at the conclusion of this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, on each on every Claim for Relief as follows:

On Plaintiff's First Claim for Relief:

1. That Plaintiff be awarded damages as allowed by law due to such trademark infringement, in an amount to be proven at trial;

2. That Plaintiff be awarded all profits of Defendants due to such trademark infringement, in an amount to be proven at trial;

3. That Plaintiff be awarded treble damages or profits due to such trademark infringement, as allowed by law and as the court deems fair and just; and

4. That Defendants, and each of them, and their respective agents and employees, and those acting in concert with them, be enjoined from further infringing Plaintiff's trademark including within the United States and by export of infringing products to other countries including Europe, Asia and Africa, and through their web page.

On Plaintiffs' Second Claim for Relief:

1. That Plaintiff be awarded damages as allowed by law due to such unfair competition, in an amount to be proven at trial;

2. That Plaintiff be awarded all profits of Defendants due to such unfair competition, in an amount to be proven at the time of trial;

3. That Plaintiff be awarded treble damages or profits due to such unfair competition, as allowed by law and as the court deems fair and just; and

4. That Defendants, and each of them, and their respective agents and employees, and those acting in concert with them, be enjoined from engaging in

further acts of unfair competition including within the United States, by export of infringing products to other countries including Europe, Asia and Africa, and through their web page.

On Plaintiffs' Third Claim for Relief:

1. That Plaintiff be awarded damages as allowed by law due to such trademark infringement, in an amount to be proven at trial;

2. That Plaintiff be awarded all profits of Defendants due to such trademark infringement, in an amount to be proven at trial;

3. That Plaintiff be awarded any additional recovery due to such trademark infringement as may be allowed by law and as the court deems fair and just; and

4. That Defendants, and each of them, and their respective agents and employees, and those acting in concert with them, be enjoined from further infringing Plaintiff's trademark.

On Plaintiff's Fourth Claim for Relief:

1. That Defendants be ordered to disgorge and Plaintiffs be granted restitution of all profits derived by Defendants due to their unfair competition, in an amount to be proven at trial; and

2. That Defendants, and each of them, and their respective agents and employees, and those acting in concert with them, be enjoined from engaging in such acts of unfair competition.

On All Claims for Relief:

In addition, an all claims for relief:

1. That Plaintiff be awarded his attorneys' fees as available under the Lanham Act, the California Unfair Practices Act, or otherwise by law;

2. That Plaintiff be awarded pre-judgment interest as allowed by law;

3. That Plaintiff be awarded his costs of this action, including expert witness fees; and

4. That Plaintiff be awarded such further legal and equitable relief as this

Court deems proper.

Dated: January 12, 2009

GIRARDI ǀ KEESE
THE LINDE LAW FIRM

By: _____
Thomas V. Girardi
Graham B. Lippsmith
Lorin E. Brennan
Douglas A. Linde
Erica L. Allen
Attorneys for Plaintiff RHYN NOLL

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action pursuant to F.R.C.P. 38 and the Seventh Amendment of the United States Constitution.

Dated: January 12, 2009

GIRARDI | KEESE
THE LINDE LAW FIRM

By: *[signature]*
Thomas V. Girardi
Graham B. Lippsmith
Lorin E. Brennan
Douglas A. Linde
Erica L. Allen
Attorneys for Plaintiff RHYN NOLL